UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C-PORT/STONE, L.L.C. | CIVIL ACTION |
| VERSUS | NO |
| M/V SURF CHALLENGER, her engines, tackle, apparel, bunkers, etc., *in rem*, and SURF SUBSEA, INC., *in personam* | SECTION: " " <br> JUDGE <br><br> MAG. DIV. <br> MAGISTRATE JUDGE |

**VERIFIED COMPLAINT**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, comes plaintiff, C-Port/Stone, LLC ("C-Port/Stone"), and for its Verified Complaint against defendants, Surf Subsea, Inc., *in personam,* and the M/V SURF CHALLENGER, *in rem,* and stating an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure, respectfully represents upon information and belief as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. §1333. In addition, in the alternative, jurisdiction also rests on the basis of this Honorable Court's diversity jurisdiction, 28 U.S.C. §1332, inasmuch as plaintiff is a citizen and domiciliary of Louisiana and defendant is a citizen and resident of Delaware and/or Texas and the amount sued on, exclusive of interests and costs, exceeds $75,000.

1

PD.7852857.1

2.

Plaintiff, C-Port/Stone, is a Louisiana limited liability company, having its principal place of business within this District, which at relevant times provided marine diesel fuel, lubricants, potable water and other goods and services to the M/V SURF CHALLENGER, its owner(s) and operators.

3.

Defendant, Surf Subsea, is, upon information and belief, a business entity organized and existing pursuant to the laws of another state, which maintains no offices within the jurisdiction of this Honorable Court, but which does business within the State of Louisiana through continuous and systematic contacts within the jurisdiction of this Honorable Court, which was at all relevant times the owner, or alternatively, the owner *pro hac vice,* of the *in rem* defendant herein, M/V SURF CHALLENGER.

4.

Defendant, M/V SURF CHALLENGER, *in rem* (at times the "Vessel"), is, upon information and belief, a vessel owned and/or operated by Surf Subsea, which vessel is and was at all relevant times engaged in maritime commerce in the waters of the United States and/or the U.S. Gulf of Mexico.

5.

On June 19, 2012, as reflected in C-Port/Stone invoice No. C195582-IN (invoice date June 27, 2012) (attached as Exhibit "A"), and as reflected in C-Port/Stone Meter Ticket No. C195582 (attached as Exhibit "B"), both stated to be in the amount of $142,750.00, C-Port/Stone provided marine diesel fuel to the Vessel.

6.

On June 20, 2012, as reflected in C-Port/Stone invoice No. C195585-IN (invoice date June 22, 2012) (attached as Exhibit "C"), "), and as reflected in C-Port/Stone Meter Ticket No. C195585 (attached as Exhibit "D"), both stated to be in the amount of $2,093.40, C-Port/Stone provided potable water to the Vessel.

7.

On June 26, 2012, as reflected in C-Port/Stone invoice No. FO15661-IN (invoice date June 28, 2012) (attached as Exhibit "E"), and as reflected in C-Port/Stone Meter Ticket No. FO15661 (attached as Exhibit "F"), both stated to be in the amount of $565.60, C-Port/Stone provided Chevron Meropa 220 gear oil to the Vessel.

8.

On July 4, 2012, as reflected in C-Port/Stone invoice No. FO15918-IN (invoice date July 6, 2012) (attached as Exhibit "G"), and as reflected in C-Port/Stone Meter Ticket No. FO15918 (attached as Exhibit "H"), both stated to be in the amount of $88,845.00, C-Port/Stone provided marine diesel fuel and potable water to the Vessel.

9.

On July 24, 2012, as reflected in C-Port/Stone invoice No. C196242-IN (invoice date July 27, 2012) (attached as Exhibit "I"), and as reflected in C-Port/Stone Meter Ticket No. C196242 (attached as Exhibit "J"), both stated to be in the amount of $402.80, C-Port/Stone provided Mobil Mobilgear 600 XP 68 gear oil to the Vessel.

10.

On August 23, 2012, as reflected in C-Port/Stone invoice No. C196841-IN (invoice date August 27, 2012) (attached as Exhibit "K"), and as reflected in C-Port/Stone Meter Ticket No.

C196841 (attached as Exhibit "L"), both stated to be in the amount of $125.70, C-Port/Stone provided Chevron Clarity ISO AW 68 hydraulic oil to the Vessel.

11.

All of the foregoing products, goods and services were essential to and necessary for the operation of the M/V SURF CHALLENGER and the accomplishment of its mission. The provision of these products, goods and services by C-Port/Stone to the Vessel was performed in a good and workmanlike fashion.

12.

In total, the M/V SURF CHALLENGER incurred charges for necessary marine diesel fuel, lubricants and potable water provided directly to the M/V SURF CHALLENGER in the principal amount of $234,782.50. On October 10, 2012, $3,187.50 was received as partial payment on this debt, bringing the new total to $231,595.00. No other payment has been received by C-Port/Stone on the aforementioned invoice for the provision of same to the M/V SURF CHALLENGER.

13.

Despite amicable demand, the principal amount referred to above remains unpaid, and Surf Subsea, *in personam*, and the M/V SURF CHALLENGER, *in rem*, are indebted to C-Port/Stone for the full principal amount set forth herein.

14.

Under United States federal maritime law, C-Port/Stone has a maritime lien on the M/V SURF CHALLENGER for the entire amount owed C-Port/Stone for marine diesel fuel, lubricants and potable water provided to that Vessel in the total amount of $231,595.00, or such greater amount as will be proven at trial, plus accrued interest and attorney's fees, as provided

for in the attached meter tickets inasmuch as the foregoing products, goods and services constituted "necessaries" giving rise to a maritime lien on the M/V SURF CHALLENGER under United States law.

15.

Upon information and belief, the M/V SURF CHALLENGER is presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court, and is subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, to enforce C-Port/Stone's maritime lien on the Vessel.

16.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

17.

Plaintiff, C-Port/Stone, reserves the right to supplement and amend this Verified Complaint as necessary and appropriate through the discovery of additional information relevant hereto.

WHEREFORE, plaintiff, C-Port/Stone, LLC, prays:

1. That process issue from this Honorable Court in proper form instructing the United States Marshal for this District to issue and effect a warrant for arrest of the M/V SURF CHALLENGER, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

2. That the United States Marshal for this District arrest the said Vessel and maintain custody over the Vessel until such time as claimant thereto posts security sufficient in form and

amount to secure plaintiff's claims herein;

3. That those claiming an interest in the said Vessel be required to file a claim to the said Vessel and answer, all and singular, the allegations of this Verified Complaint;

4. That after due proceedings be had, judgment be entered herein in favor of the plaintiff and against Surf Subsea, Inc., *in personam*, in the amount of $231,595.00, plus accrued interest, attorney's fees as provided for in the applicable meter tickets, costs, fees and all such other sums to which plaintiff is entitled;

5. That after further proceedings be had, judgment be entered herein in favor of the plaintiff and against the M/V SURF CHALLENGER, *in rem*, in the amount of $231,595.00, plus accrued interest, attorney's fees as provided for in the applicable meter tickets, costs, fees and all such other sums to which plaintiff is entitled;

6. That after further proceedings, the M/V SURF CHALLENGER be condemned and sold to satisfy the claims asserted herein by plaintiff, or, alternatively, that plaintiff have satisfaction of its claim out of the security, if any, posted to secure the Vessel's release; and

7. For all such other and further relief that justice and the nature of this case will allow.

                          Respectfully submitted,

                          **PHELPS DUNBAR LLP**

BY: _____
      Robert P. McCleskey, Jr., T.A. (Bar #9151)
      William J. Riviere, (Bar #20593)
      Raymond T. Waid (Bar #31351)
      Canal Place
      365 Canal Street • Suite 2000
      New Orleans, Louisiana 70130-6534

Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: mccleskb@phelps.com
      riviereb@phelps.com
      waidr@phelps.com

ATTORNEYS FOR PLAINTIFF,
C-PORT/STONE, LLC

PLEASE ISSUE A WARRANT OF ARREST
AGAINST THE M/V SURF CHALLENGER, AND
SERVE THE SAID WARRANT ON THE MASTER
OF THE M/V SURF CHALLENGER, PRESENTLY LOCATED AT
SURF SUBSEA DOCK
300 ADAM TED GISCLAIR ST.
PORT FOURCHON, LA 70357

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, a notary public duly commissioned and qualified, personally came and appeared

WILLIAM J. RIVIERE

who, after being duly sworn, did depose and say that:

1. He is an attorney at law and is a member of the firm Phelps Dunbar LLP, attorneys for Plaintiff, C-Port/Stone, LLC;

2. That he has read the allegations of the foregoing Complaint and knows the contents thereof, and that the same are true and correct to the best of his knowledge, information and belief, that being information and documents received from his client, C-Port/Stone, LLC, from the office of the Secretary of State for the State of Louisiana, and through other sources;

3. The reason he makes this Verification, which he is authorized to do, is due to the exigencies of the circumstances that the Vessel is currently within this District and may sail immediately, and his client's place of business is outside of the metropolitan area where the Courthouse is located.

_____
WILLIAM J. RIVIERE

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 26th DAY
OF OCTOBER, 2012.

_____
NOTARY PUBLIC
My Commission Expires: AT DEATH

CLAY V. BLAND, JR.
NOTARY PUBLIC
LA BAR No. 32066, ID No. 131655
Parish of Orleans, State of Louisiana
My Commission is issued for Life

8